## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DESMOND A. WALSH,
    Appellant,

DOCKET NUMBER
NY-0752-13-0134-I-2

v.

UNITED STATES POSTAL SERVICE,
    Agency.

DATE: October 20, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Desmond A. Walsh, Mount Vernon, New York, pro se.

Anthony V. Merlino, Esquire, New York, New York, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The appellant was employed as a Manager, Customer Services. *Walsh v. U.S. Postal Service*, MSPB Docket No. NY-0752-13-0134-I-1, Initial Appeal File (I-1 IAF), Tab 7 at 104. The agency proposed his removal on the basis of one charge of conduct unbecoming a Postal official; the proposal included a narrative containing several specifications. *Id*. at 28-37. Specifically, the proposal stated that: (1) the appellant instructed a subordinate, who was not authorized to do so, to drive a Postal vehicle; (2) after this subordinate was involved in an accident, the appellant failed to complete an accident report and instructed another employee not to do so/interfered with her completion of such a report; (3) the appellant attempted to work out a private agreement with the owner of the private vehicle that the subordinate hit during the accident; (4) the appellant falsely denied knowledge of the accident to a superior; and (5) the appellant falsely told the Office of Inspector General (OIG) that he was not working the day of the accident and that he did not know that his subordinate was not authorized to drive. *Id*. at 28-32. The appellant did not respond to the proposal. *See id.* at 23. The agency subsequently imposed the removal. *Id*. at 23-24.

¶3    The appellant challenged his removal before the Board and requested a hearing. I-1 IAF, Tab 1. After holding the requested hearing, the administrative judge sustained the appellant's removal. *Walsh v. U.S. Postal Service*, MSPB Docket No. NY-0752-13-0134-I-2, Initial Appeal File (I-2 IAF), Tab 20, Initial Decision (ID). In particular, she found that: (1) the agency established that the appellant engaged in conduct unbecoming a Postal official; (2) the appellant did not prove his affirmative defenses of harmful procedural error and equal employment opportunity (EEO) retaliation; (3) the agency established that the disciplinary action promoted the efficiency of the service; and (4) the agency established that the penalty of removal was within the tolerable limits of reasonableness.[2] ID at 4-13.

¶4    The appellant has filed a timely petition for review. Petition for Review (PFR) File, Tab 3. On review, he asserts that: (1) several witnesses committed perjury; (2) the agency (a) failed to submit the deposition transcripts of several witnesses, which would have demonstrated the witnesses' perjury, and (b) denied information he requested through a Freedom of Information Act (FOIA) request; (3) the administrative judge did not allow the admission of certain material information and witness testimony; (4) the administrative judge mischaracterized his claim of procedural error; (5) he was not initially involved in the investigation with the OIG; and (6) he was not involved in the news broadcast about the accident that was the subject of his removal. *Id*. at 2-3. The appellant also generally challenges the administrative judge's findings of fact. *Id*. The agency has responded in opposition to the petition for review.[3] PFR File, Tab 5.

---

[2] On review, the appellant does not challenge the administrative judge's findings regarding his affirmative defense of EEO retaliation, nexus, or the penalty determination. Petition for Review (PFR) File, Tab 3. We see no reason to disturb these findings.

[3] After the agency filed its response, the appellant submitted an additional pleading with attached evidence. PFR File, Tab 6. We do not consider this pleading because, although the appellant was informed that the deadline to submit his reply was 10 days

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge properly sustained the charge.

¶5    To prove a charge of conduct unbecoming, an agency is required to demonstrate that the employee engaged in the underlying conduct alleged in support of the broad label. *Scheffler v. Department of Army*, [117 M.S.P.R. 499](#), ¶ 4 (2012), *aff'd*, 522 F. App'x 913 (Fed. Cir. 2013). Here, the agency asserted that the appellant engaged in conduct unbecoming a Postal official based upon five specifications of misconduct. I-1 IAF, Tab 7 at 23-24, 28-32. The administrative judge found that the agency proved these specifications and therefore sustained the charge. ID at 4-9. For the reasons discussed below, the appellant's assertions do not provide a basis for disturbing the administrative judge's decision sustaining the charge.

¶6    As noted above, the appellant argues that witnesses committed perjury at the hearing. The Board has held that, where the appellant presents bare assertions of perjury or falsification of documents with no evidence or argument to support those assertions, they do not provide a basis for disturbing the initial decision. *Vaughn v. Department of the Treasury*, [119 M.S.P.R. 605](#), ¶ 9 (2013). Here, the appellant asserts that the private vehicle owner committed perjury because he testified to conversations that did not occur and that his coworker, S.S., perjured herself because she was not present to have overheard conversations about which she testified. PFR File, Tab 3. The appellant specifically asserts that S.S.'s testimony is undermined by the testimony of another supervisor, J.G. *Id*. J.G. testified that she did not remember S.S. being present when the appellant told her not to complete an accident report, but that S.S. told her that she witnessed this conversation. I-2 IAF, Tab 16, Hearing Compact Disc (HCD). J.G. also testified

after the agency submitted its response, PFR File, Tab 4, he did not submit the pleading within the imposed deadline, PFR File, Tab 6; *see* [5 C.F.R. § 1201.114](#)(e). However, even if we did consider this pleading and additional evidence, it would not affect our disposition of the appeal.

that she told S.S. to remember the conversation so that she could write a report. *Id*. J.G.'s testimony does not support the claim that S.S. committed perjury. The appellant has otherwise failed to provide support for his claims of perjury. We therefore find that those claims provide no basis for disturbing the initial decision. *See Jovanovich v. Veterans Administration*, 8 M.S.P.R. 268, 270 (1981).

¶7      The appellant further challenges the administrative judge's findings sustaining the specifications underlying the charge, asserting that he was not initially involved in the OIG investigation because he was on leave due to an injury and that he had nothing to do with the news broadcast. PFR File, Tab 3. However, the appellant does not dispute that he was later involved in an OIG investigation, which was the subject of one of the specifications. *See id*. Thus, his challenge provides no basis for disturbing the administrative judge's finding that the agency proved the specification regarding his false statements during the OIG investigation. Further, we fail to see how the appellant's assertion regarding the news broadcast affects the administrative judge's findings regarding the charge because the agency's specifications were not based upon the news broadcast.[4] I-1 IAF, Tab 7 at 23-24, 28-32. Finally, the appellant's remaining arguments concerning the charge, including his challenges to the administrative judge's findings of fact and credibility determinations, constitute mere

---

[4] To the extent that the appellant denies involvement with the news broadcast in an attempt to challenge the penalty determination, such a challenge provides no basis for disturbing it. The deciding official testified that the notoriety of the appellant's offense, in that the accident had been the subject of a news broadcast, served as an aggravating factor. I-2 IAF, Tab 19, HCD; *see* I-1 IAF, Tab 7 at 36. We find that the appellant's lack of involvement with the news broadcast is immaterial to the penalty determination because the deciding official considered the news broadcast as it related to publicity surrounding the accident, regardless of any involvement by the appellant. *See Richardson v. Resolution Trust Corporation*, 66 M.S.P.R. 302, 312 n.4, 314 (1995) (sustaining a removal where the deciding official properly considered the notoriety of the offense, including that there were several news releases and articles regarding the offense).

disagreement with the initial decision and thus do not provide a basis for disturbing it. *See Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987).

<u>The appellant's arguments as to discovery, witnesses, and evidentiary matters do not provide a basis for reversing the initial decision.</u>

¶8    Next, the appellant asserts that the administrative judge erred in excluding certain evidence and witness testimony from the record and that the agency failed to submit relevant deposition transcripts. PFR File, Tab 3. The Board has held that, to obtain reversal of an initial decision on the ground that the administrative judge abused her discretion in excluding evidence, the petitioning party must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010). Here, we agree with the agency that the appellant fails to identify the evidence and testimony that was improperly excluded and fails to assert any reversible error by the administrative judge. PFR File, Tab 5 at 5-6. Additionally, although the appellant asserts that the agency failed to submit certain deposition transcripts, PFR File, Tab 3, he did not attempt to submit the transcripts below and has not stated why the agency should have been required to do so on his behalf. Although he generally asserts that the transcripts would have demonstrated that witnesses perjured themselves, he does not explain the specific grounds for that assertion. Therefore, we find that the appellant has not demonstrated reversible error based upon the administrative judge's exclusion of evidence and testimony from the record or the agency's failure to submit the deposition transcripts.

¶9    Regarding the appellant's assertion that the agency denied him evidence that was the subject of a FOIA request, *id*., the Board has held that the discovery process, and not FOIA, is the proper means for obtaining evidence in a Board appeal, *Ellis v. U.S. Postal Service*, 121 M.S.P.R. 570, ¶ 6 (2014). Thus, the appellant could have, but did not, request the information at issue from the

agency during the discovery process. If the agency failed to provide the requested information, he could have filed a motion to compel discovery. Furthermore, the appellant does not explain how this information would have altered the disposition of his appeal. *See* PFR File, Tab 3. Thus, none of the appellant's assertions regarding evidence that was not included in the record below provide a basis for disturbing the initial decision. *See Reeves v. U.S. Postal Service*, 117 M.S.P.R. 201, ¶ 12 (2011), *overruled on other grounds by Boucher v. U.S. Postal Service*, 118 M.S.P.R. 640, ¶ 20 n.4 (2012).

<u>The administrative judge correctly found that the appellant failed to establish his affirmative defense of harmful procedural error.</u>

¶10        The administrative judge found that the appellant failed to prove his affirmative defense of harmful procedural error. ID at 9. On review, the appellant asserts that the administrative judge mischaracterized his affirmative defense and instead asserts other errors regarding the signature on, and service of, the proposal and decision letters. PFR File, Tab 3. Under 5 C.F.R. § 1201.56(c)(1), the Board is required to reverse the agency's action if the appellant shows harmful error in the application of the agency's procedures in arriving at its decision. A procedural error is harmful where the record shows that the error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Doe v. Department of Justice*, 118 M.S.P.R. 434, ¶ 31 (2012). Here, the appellant has not asserted, and we do not find, that the errors he alleged regarding the proposal and decision letters were likely to have caused the agency to reach a different conclusion and we thus do not find reversible harmful procedural error. *See Miller v. U.S. Postal Service*, 110 M.S.P.R. 550, ¶ 12 (2009).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color,

religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.